COPE, J.
We reverse the agency order and remand for further proceedings.
The Department of Insurance brought disciplinary proceedings against George Gonzalez for falsifying an application for insurance, a charge which Gonzalez denied.
On the eve of the administrative hearing, the Department gave notice that it was adding a document to its exhibit list, Exhibit 9. Gonzalez objected that this was unfairly prejudicial because Gonzalez had no opportunity to prepare a response or bring forward other evidence. The administrative law judge overruled the objection, because the document had been produced at a deposition the previous month — along with a large number of other documents.
It was the Department’s position that Exhibit 9 — a handwritten memo from Gonzalez — related to the taking of the disputed application in January of 1999. It was Gonzalez’ testimony that the handwritten memorandum (which is undated) related not to the January 1999 transaction, but to the previous year’s insurance application in January of 1998.
In explaining why he was ruling against Gonzalez, the administrative law judge said in part:
19. Gonzalez claimed also to have taken an application from Ms. Simpson in January 1998 that was rejected. In contrast to the other two, however, no application from January 1998 was produced at hearing — indeed, no persuasive corroborating evidence of any kind was adduced in support of this supposed January application.
Recommended Order at 9, paragraph 19 (emphasis added).
This is exactly the prejudice Gonzalez complained about. Gonzalez was given no advance notice that Exhibit 9 would be introduced at trial. Then when it was, and Gonzalez testified that Exhibit 9 related to *1227 a different transaction, the administrative law judge drew an adverse inference against Gonzalez because he had failed to produce any corroborating evidence.
To add insult to injury, when Gonzalez’ counsel tried to cross-examine the witnesses about whether Exhibit 9 related to a 1998 transaction, the administrative law judge sustained objections that this was not relevant. But of course (given the finding quoted above) it was relevant.
We reverse the agency order and remand for further proceedings. If the same administrative law judge is available, the administrative law judge shall either reopen proceedings with respect to the issues outlined earlier in this opinion, or if the administrative law judge deems it more efficient, conduct a new hearing. If the original administrative law judge is no longer available, then the appellant is entitled to a new hearing.
Reversed and remanded for further proceedings consistent herewith.